UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SINMIER, LLC, a<br>Michigan Limited Liability<br>Company, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | **CIVIL ACTION NO.**<br>**HON.** |
| v. | ) <br> ) | **JURY TRIAL DEMANDED** |
| EVEREST INDEMNITY INSURANCE<br>COMPANY, a Delaware Corporation;<br>BANKERS INSURANCE, LLC,<br>a Virginia Limited Liability<br>Company; VINTRO HOTEL &<br>RESORTS OHIO, LLC, an Ohio<br>Limited Liability Company, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |
| _____ | ) | |

**MATTHEW HENZI (96171)**
Attorney for Plaintiff
AsherKelly, PLLC
25800 Northwestern Hwy.
Suite 1100
Southfield, Michigan 48075
248.746.2762
mhenzi@asherkellylaw.com

_____

**COMPLAINT FOR MONEY DAMAGES AND
DECLARATORY RELIEF**

**NOW COMES** Plaintiff, Sinmier, LLC, a Michigan limited liability company and for its

Complaint against the above Defendants, states as follows:

## **INTRODUCTION**

Sinmier, LLC brings this action as mortgagee on property located in Erie County, Ohio

against an insurance company, Everest Indemnity Insurance Company ("Everest"), and an

insurance broker, Bankers Insurance, LLC, ("Bankers") arising out of water and wind damage losses that occurred commencing approximately February 1, 2019 ("the Water and Wind Damage Claims").  As mortgagee, Sinmier was listed on the property policy issued by Everest or should have been listed by it and Bankers. Sinmier's contractual rights under the policy have been disregarded to its detriment and it has suffered losses as a result of the negligence of  Bankers which owed it specific duties.  These Water and Wind Damage Claims have generated financial losses to Sinmier in the millions of dollars.

## JURISDICTION & VENUE

1.  Plaintiff, Sinmier, LLC ("Sinmier"), is a Michigan limited liability company which has its principal place of business in Michigan and is registered in Ohio where it does business.  It currently owns the property in question located at 5513 Milan Road, Sandusky, Ohio ("the Property") by way a deed in lieu of foreclosure (Exhibit 1).

2.  Defendant, Everest Indemnity Insurance Company, is a Delaware corporation which has its principal place of business in New Jersey, but which does business in Ohio including insuring the Property at all relevant times.

3.  Defendant, Bankers Insurance, LLC, is a Virginia domiciled limited liability company with its principal place of business in Virginia, but which does business in Ohio and effectuated insurance for the Property as an independent insurance broker.

4.  Defendant, Vintro Hotel & Resorts Ohio, LLC ("Vintro") is an Ohio limited liability company which did business as Doubletree Sandusky Ohio.  This entity was the owner of the Property at the time of the initial claim which occurred on or about February 1, 2019 and is also a named insured on the policy in question.  Pargat S. Grewal has power of attorney to litigate insurance claims on behalf of Vintro (Exhibit 2).  The Property is also sometimes referred to as "Maui Sands Resort."

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

6. This Court also has subject matter jurisdiction under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under the policy in question.

7. This Court has personal jurisdiction over the Insurer because the Insurer has submitted to jurisdiction in the state of Ohio by (a) transacting business in Ohio, by virtue of selling the policy at issue in this case in Ohio; and (b) entering into contracts of insurance covering an entity and property located within Ohio at the time of contracting.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Erie County, Ohio.

9. The insurance policy in question was delivered in the state of Ohio and Ohio substantive law applies.

## GENERAL ALLEGATIONS

### I.   The Hotel & Resort

10. Vintro Hotel & Resorts Ohio, LLC ("Vintro") is an Ohio limited liability company which did business as Doubletree Sandusky Ohio, also known as Maui Sands Resort. This entity was the owner of the Property at the time of the initial claim complained of herein.

11. The Property, a resort which cost over $50,000,000 to construct, includes a 306-room hotel, and a 40,000 square foot waterpark, all of which have been out of operation since an initial water and wind loss which occurred on or about February 1, 2019.

II.    **The Mortgage**

12. At all relevant times, Sinmier held an Open-End Mortgage and Security Agreement which was recorded in the Erie County Ohio Register of Deeds on September 7, 2018 (Exhibit 3).

13. The closing whereby the mortgage was consummated occurred on September 6, 2018.

14. At the time of the closing, Sinmier received certificates of insurance listing it on the policies issued to Vintro as follows:

- As *additional insured* on the liability insurance and umbrella policies issued by Everest (Exhibit 4), and

- As *mortgagee* on the commercial property insurance policy issued by Berkley National Insurance Company ("Berkley") (Exhibit 5).

III.   **The Insurance**

15. Based upon information provided to it by Vintro, Bankers prepared and submitted Acord commercial insurance applications dated August 20, 2018 listing Vintro Hotel & Resorts Ohio, LLC T/A Doubletree Sandusky Ohio as the applicant on the builder's Risk and commercial property insurance coverage parts but did not list a mortgagee, despite the fact that Bankers had knowledge of Sinmier's status as of that time and thereafter issued certificates representing this.

16. These applications were, upon information and belief, sent to W.R. Berkley Mid Atlantic Group and Alternative Risk Company, and possible other insurers or broker intermediaries.

4

17. On or about August 20, 2018, Bankers submitted a proposal to place the commercial insurance coverages for Vintro / Doubletree Sandusky, listing Michael Barnum as sales executive and Leah Ann Combs as account manager ("the Proposal," <u>Exhibit 6</u>).

18. The Proposal listed the following insurers:

- <u>Everest Insurance</u> for business personal property and business income and extra expense

- <u>Berkley Insurance</u> for Renovation Builder's Risk

- <u>Everest Insurance</u> for General Liability and Umbrella

- <u>Starstone Insurance</u> for second layer Umbrella

19. Contemporaneous with placing the commercial general liability insurance, Bankers also placed excess / umbrella liability insurance coverage, also through Everest with the same policy period, up to $5,000,000 and again, Sinmier was listed as an additional insured (<u>Exhibit 4</u>)

20. Bankers also wrote a second layer umbrella liability insurance through Starstone National Insurance Company for the same policy period and again, Sinmier was listed as an additional insured (<u>Exhibit 4</u>).

21. An Evidence of Property Insurance Acord form was issued by Bankers to Sinmier for it to rely upon for its closing of the mortgage which occurred on September 6, 2018, showing it and its successors and/or assigns as "mortgagee," on a Berkley policy with policy number MIM-1022859-50 and indicating "[s]hould any of the above described policies be cancelled before the expiration date thereof, notice will be delivered in accordance with the policy provisions" (<u>Exhibit 5</u>).

22. The Berkley Evidence of Property Insurance listed insured values for four buildings or structures, totaling $41,004,000 (<u>Exhibit 5</u>).

23. Bankers, though Leah Ann Combs, reissued these certificates on February 11, 2019 8:36 am and again March 27, 2019 at 3:47 p.m., confirming the existence of a Berkley policy (Exhibit 7).

24. Unbeknownst to Sinmier and completely contrary to the representations made by Bankers on September 6, 2018 and again on February 11, 2019 and again on March 27, 2019, the Berkley Policy referred to on the Evidence of Property Insurance was never issued or was cancelled flat.

25. Unbeknownst to Sinmier and without notice to it, on or about October 17, 2018, Bankers submitted an Acord Commercial Insurance Application to Everest for two of the four buildings on the Property for commercial property, general liability and equipment floater for coverage to be effective October 19, 2018 – October 19, 2019. These applications listed Sinmier, LLC and its successors and / or assigns as mortgagee (see Exhibit 8).

26. Everest, through Specialty Insurance Group, an Everest Re Group company ("SIG"), thereafter issued a commercial property insurance policy to Vintro, policy period October 19, 2018 to October 19, 2019, policy number SI8ML01612181 covering the Property ("the Everest Property Policy," Exhibit 9).

27. The Everest Policy listed $6,000,000 in coverage for the building and $1,244,000 for business personal property and $500,000 for business income coverage limits.

28. The Everest Policy did not schedule any mortgagees and a copy of this policy was not provided to Sinmier.

## IV.    The Initial Property Loss

29. On or about February 1, 2019, a water and wind loss caused damages and consequential losses ('Initial Claim").

30. Everest and Bankers were notified by Vintro of the Initial Claim and, unbeknownst to Sinmier, it issued partial payments to Vintro on February 12, 2019 of $100,000, February 21, 2019 of $50,000 and April 8, 2019 of 100,000.  None of these payments reflected Sinmier as mortgagee.

31. Everest settled the Claim with Vintro by a further payment of $775,000 to Vintro without listing Sinmier as mortgagee, while the estimated damages by adjuster were over $4,000,000.

32. Sinmier was not privy to any of the payments or the settlement and Everest fully disregarded Sinmier's interests, despite having knowledge of same.

33. Sinmier, through its principal Pargat S. Grewal ("Grewal"), sent an e-mail to Leah Ann Combs of Bankers on September 10, 2019, asking for an updated certificate of insurance and inquiring as to whether any claims were submitted on the policy (Exhibit 10).

34. Bela Patel of Bankers responded to the request by Grewal by indicating that "policies for above insured were cancelled effective 05/17/19." (Exhibit 11).

35. Sinmier was not provided with notice of any cancellation of a policy as required by the certificates of insurance issued by Bankers.

36. When Grewal asked as to why Sinmier did not receive notice of cancellations, he was referred by Bankers to the Everest adjuster, Ryan Barron.

37. Leah Ann Combs advised Grewal on October 4, 2019 at 1:55 p.m. that when the account was bound, Bankers had advised the Insurance Company to list Sinmier, LLC as mortgagee (Exhibit 12).

V.    **The Subsequent Water Damage and Other Damages.**

38. Since the time of the Initial Claim, further or new damage has occurred to the Property covered by the Everest Property Policy.

## COUNT I

### BREACH OF CONTRACT
### (Everest)

39. Plaintiff repeats and realleges paragraphs 1-38 above.

40. Bankers was the legal agent for Vintro as respects securing insurance as its broker.

41. Vintro ordered Bankers to list Sinmier as mortgagee on its policies and Bankers issued a certificate showing such status for a Berkley policy and put on the Acord application to Everest such a policy term and condition.

42. Everest received applications from Bankers and/or SIG stating that Sinmier was to be listed as mortgagee on the Everest Property Policy.

43. SIG is an agent of Everest and its receipt of the order to add Plaintiff as mortgagee is binding upon Everest.

44. To the extent that either or both Bankers and SIG had binding authority, the intent of Bankers to name Sinmier as mortgagee on the Everest Property Policy is enforceable as to Everest and it is bound to same.

45. Everest did not issue the policy with Sinmier as mortgagee.

46. The failure to include Sinmier as a mortgagee on its policy is a breach of contract.

47. As a result of the breach of contract, Sinmier has been damaged.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in its favor against Everest including awarding Plaintiff costs and attorneys' fees.

## COUNT II

### BREACH OF CONTRACT –
### THIRD PARTY BENEFICIARY
### (Bankers)

48. Plaintiff repeats and realleges paragraphs 1-47 above.

49. Vintro and Bankers contracted to provide insurance whereby Bankers would be the legal agent for Vintro in securing coverage.

50. One of the terms of the contract was that the Vintro policies would name Sinmier as mortgage on property insurance policies including the Everest Property Policy.

51. Bankers was aware of Sinmier as a third-party beneficiary to the contract between Vintro and Bankers to place insurance as ordered.

52. Bankers issued an Acord Evidence of Property Insurance that listed Sinmier, LLC and its successors and assigns as "mortgagee."

53. It was foreseeable to Bankers that if it breached its contract with Vintro, the third-party beneficiary Sinmier would be damaged.

54. Bankers breached its contractual obligations to Vintro and Sinmier.

55. As a result of the breach of contract by Bankers, Sinmier has been damaged.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in its favor against Bankers including awarding Plaintiff costs and attorneys' fees.

## COUNT III

### NEGLIGENCE
### (Bankers)

56. Plaintiff repeats and realleges paragraphs 1-55 above.

57. Sinmier was known to Bankers and was readily identifiable to it as mortgagee on the Property.

58. Bankers owed duties to Sinmier as a third-party beneficiary to procure insurance to cover it on the Everest Property Policy. *Minor v. Allstate Ins. Co*., 111 Ohio. App. 3d 16 (1996).

59. As an independent insurance agent, Bankers had a duty to exercise good faith and reasonable diligence in obtaining insurance its insured and any third-party beneficiary ordered.

60. Bankers owed a duty to Sinmier to read the Everest Property Policy, which it knew that Sinmier would not receive a copy of, to assure that Sinmier was properly listed on that policy similar to how the certificates it had issued represented.

61. It was reasonably foreseeable that Sinmier would rely upon the certificates of insurance issued by Bankers and otherwise would rely upon it to notify it of cancellation or non-issuance of the Berkley policy and to assure that limits continued in a manner consistent with the representations it made.

62. It was reasonably foreseeable that Sinmier would rely upon the fact that it would be listed as a mortgagee on the Everest Property Policy.

63. Bankers breached the duties it owed to Sinmier.

64. As a result of the breaches, Sinmier has been damaged.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in its favor against Bankers including awarding Plaintiff costs and attorneys' fees.

<u>**COUNT IV**</u>

**NEGLIGENCE *PER SE***
**(Bankers)**

65. Plaintiff repeats and realleges paragraphs 1-64 above.

66. Ohio statute R.C. 3938.04, "The Certificates of Insurance Act," provides that it is unlawful to "prepare, issue, request, or require a certificate of insurance that contains any false or misleading information concerning the policy of insurance referenced in the certificate of insurance."

67. Bankers prepared and issued certificates of insurance for coverage that did not exist and thus, contained false and misleading information, on the following dates: September 6, 2018, February 11, 2019 and March 27, 2018.

68. The conduct of Bankers on one or more of the above dates violated R.C. 3938.04 and thus, Bankers is negligent *per se*.

69. Under Ohio law, Plaintiff has conclusively established that Bankers breached a duty it owed to Plaintiff as respects certificates of insurance.  *Chambers v. St. Mary's Sch.,* 697 N.E.2d 198, 200 (Ohio, 1998).

70. As a proximate cause and result of the breach of duty, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in its favor against Bankers including awarding Plaintiff costs and attorneys' fees.

## COUNT V

### MISREPRESENTATION / FRAUD
### (Bankers)

71. Plaintiff repeats and realleges paragraphs 1-70 above.

72. On September 6, 2018, Bankers, through its employee and agent Leah-Ann Combs, represented to Plaintiff that property coverage was in place through Berkley National Insurance Company for the policy period August 23, 2018 through August 23, 2019, and provided a policy number, MIM-1022859-50.

73. Such coverage was never placed and no policy was ever issued.

74. On February 11, 2019 at 8:36 a.m., more than five months later after issuing a certificate of insurance for a nonexistent policy, Lean-Ann Combs re-issued the Evidence of Property certificate and emailed it to Pargat Grewal of Sinmier (Exhibit 7).

75. On March 27, 2019 at 3:37 p.m., more than six months later after issuing a certificate of insurance for a nonexistent policy, Lean-Ann Combs again re-issued the Evidence of Property certificate and emailed it to Pargat Grewal of Sinmier (Exhibit 7).

76. As of February 11, 2019, if not earlier, Bankers had actual knowledge that no policy had been issued by Berkley.

77. Bankers had actual knowledge that Sinmier / Grewal would be relying upon her documents and emails as evidence of insurance coverage to protect its interests in the Property as mortgagee.

78. Sinmier not only relied upon the statement as to the existence of coverage, it relied upon the limits of insurance listed on those documents.

79. The representations were material in every way to assuring Sinmier / Grewal of the insurance coverage for the Property and its status as mortgagee.

80. The representations were false when made or were made with such disregard and recklessness as to whether the statements were true or false i.e. that coverage existed when it clearly did not according to basic insurance industry principles.

81. Bankers intended that Sinmier / Grewal rely upon the certificates and other documents provided given that the emails were from Grewal to Combs, indicating that Grewal needed to know about coverage for Sinmier as mortgagee.

82. It was certainly justifiable for Sinmier to rely upon the representations.

83. As a proximate result of the misrepresentations, Plaintiff has been damaged in the millions of dollars.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in its favor against Bankers including awarding Plaintiff costs and attorneys' fees.

## COUNT VI

### DECLARATORY JUDGMENT
### (Everest)

84. Plaintiff repeats and realleges paragraphs 1-83 above.

85. An actual controversy exists between Sinmier and Everest as to their respective rights and obligations under the Everest Property Policy.

86. The court is granted the authority per 28 U.S.C. § 2201 to decide the rights and responsibilities of the insurance company and the insured parties as respects the Everest Property Policy.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment against Everest declaring the following:

a)  Sinmier is a mortgagee as respects the Property and entitled to rights under the Everest Property Policy.

b)  Other relief as fair and equitable.

Respectfully submitted,


/s/ Matthew Henzi
**MATTHEW HENZI** (96171)
Attorney for Plaintiff
AsherKelly, PLLC
25800 Northwestern Hwy., Ste. 1100
Southfield, Michigan 48075
248.746.2762
mhenzi@asherkellylaw.com