IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SINMIER, LLC,**  CASE NO. 3:19 CV 2854

    Plaintiff,

    v.  JUDGE JAMES R. KNEPP II

**EVEREST INDEMNITY INS. CO., et al.,**

    Defendants.  **MEMORANDUM OPINION AND ORDER**

INTRODUCTION

Currently pending before the Court are various motions to strike answers, crossclaims, and counterclaims, as well as a motion for leave to file some of those pleadings. The Motions to Strike are filed by Bankers Insurance, LLC ("Bankers"), Everest Indemnity Insurance Company and EverSports & Entertainment Insurance, Inc.[1] ("Everest/EverSports"), and Berkley National Insurance Company ("Berkley"). (Docs. 163, 169, 173, 190).[2] These motions are primarily directed at Defendant Vintro Hotels and Resorts Ohio, LLC's ("Vintro") recently-filed Answers to Crossclaims by Bankers and Everest/EverSports in October and November 2020 (Docs. 155, 156), and Vintro's newly-filed Crossclaims and Amended Crossclaims (Docs. 158, 161). Further, Everest/EverSports move to strike Third-Party Defendant Inderjit Grewal's Counterclaim and

---

1. EverSports & Entertainment Insurance was previously called Specialty Insurance Group. *See* Doc. 168. For consistency and clarity, the Court will refer to this party as EverSports herein, even when referencing pleadings pre-dating the name change.

2. Alternative Risk Company ("ARC") also originally moved to strike crossclaims. *See* Doc. 171. The Court previously denied that motion (Doc. 171) as moot because Vintro subsequently dismissed any crossclaims it had filed against ARC (Doc. 197). (Doc. 201). Additionally, the Court notes – as ARC did in its motion – that although the caption of the pleading asserting crossclaims included a reference to ARC, there were no crossclaims directed at ARC therein. *See* Doc. 158.

Amended Counterclaim (Docs. 157, 160) against them (Doc. 169) and Bankers moves to strike Grewal's Crossclaim (Doc. 166) against it (Doc. 173). Related is Grewal and Vintro's Motion for Leave of Court to allow the filing crossclaims against Co-Defendants Berkeley, Bankers, and Everest. (Doc. 165). Finally, separate and also pending is Grewal and Vintro's "Objection to Everest Indemnity Insurance Company's Interference with Federal Subpoenas" (Doc. 204). These motions are fully briefed and ripe for decision.

For the reasons set forth below, the Court grants the motions to strike the crossclaims and counterclaims, denies the motion for leave to file those crossclaims, grants Everest/EverSports's motion to strike Vintro's answer to its crossclaim, denies Bankers's motion to strike Vintro's answer to its crossclaim, and overrules Grewal and Vintro's discovery "Objection".

## BACKGROUND

Plaintiff Sinmier, LLC filed the original Complaint in this case on December 10, 2019 against Bankers, Everest, and Vintro. (Doc. 1).[3] In January 2020, Vintro answered, asserted crossclaims against Bankers and Everest, and a counterclaim against Sinmier. (Doc. 18). Shortly thereafter, Vintro voluntarily dismissed its crossclaims without prejudice. (Doc. 21). Subsequently, Bankers and Everest asserted crossclaims against Vintro and Vintro answered these claims without asserting any crossclaims of its own. (Docs. 24, 26, 35, 36). Following an Amended Complaint in June 2020 (Doc. 42), Bankers and Everest re-asserted crossclaims against Vintro and Vintro again answered and did not assert any crossclaims of its own. (Docs. 46, 49, 50, 51). Bankers asserted crossclaims for indemnification and contribution against Vintro based upon alleged misrepresentations in obtaining the at-issue insurance policies. (Doc. 46). Everest asserted

---

3. Although Vintro is named in this Complaint, the Complaint does not appear to contain any express claims for relief against Vintro.

crossclaims against Vintro for indemnification and breach of contract asserting that Vintro, in a prior settlement agreement, agreed to indemnify and hold Everest harmless. (Doc. 50).

Vintro participated fully in this matter until September 2020 when its counsel requested permission to withdraw. (Docs. 67, 68). At that time, the Court required counsel to notify Vintro it could not proceed *pro se* and that it was at risk of default if it failed to retain new counsel by October 26, 2020 (Doc. 68); prior counsel confirmed it had so notified Vintro by mail and e-mail on September 23, 2020. (Doc. 70).

On September 24, 2020, the Court held a phone status conference (which Vintro's counsel attended) and then issued an Order granting Vintro's counsel's motion to withdraw, and stating, *inter alia*, "leave is granted to any party to file an amended pleading or bring in additional parties to this case . . . by November 2, 2020." (Doc. 71).[4] This was the last the Court heard from any representative of Vintro until June 2021.

On October 14, 2020, Plaintiff filed a Second Amended Complaint against various parties, including Vintro. (Doc. 76).[5]

Bankers and Everest (along with newly-added Defendant Specialty Insurance Group – now EverSports) answered on October 28, 2020 and November 11, 2020 respectively, and again asserted crossclaims against Vintro. (Docs. 82, 94). Bankers reasserted its crossclaims against Vintro for contribution and indemnification, and added five counts of fraudulent inducement. (Doc. 94, at 27-34). Everest and EverSports asserted crossclaims for fraud, breach of contract (theft of settlement funds), indemnification, breach of contract (failure to indemnify and hold harmless),

---

4. Prior to this extension, the scheduling order deadline for amending pleadings and adding parties was April 23, 2020. (Doc. 34, at 1).
5. As with the original Complaint, the Second Amended Complaint names Vintro, but does not contain any affirmative claims for relief against Vintro.

3

and common law subrogation. (Doc. 82, at 22-31). Again, Vintro remained absent from the litigation and did not file any responsive pleadings or affirmative claims of any sort.

On October 28, 2020, Everest and EverSports also filed a Third-Party Complaint against Grewal asserting Vintro is a sham company, and that the Court should pierce the corporate veil, alongside bringing claims for fraud, breach of contract, indemnification, and subrogation. (Doc. 86).

During this same time period (on November 5, 2020) the Court dismissed Vintro's Counterclaim against Sinmier (Doc. 18) – its only affirmative pending claim – for failure to prosecute. (Doc. 91).

Grewal's counsel filed a motion to appear *pro hac vice* on February 4, 2021 (Doc. 104), and a motion to dismiss the Third-Party Complaint for lack of personal jurisdiction on February 22 (Doc. 112). In an Affidavit attached to his Reply brief seeking to avoid jurisdiction, Grewal averred, *inter alia*, he had "intentionally abandoned" Vintro "to be administratively dissolved by the State of Ohio" as it "ha[s] no assets or conduct[s] business in the State of Ohio." (Doc. 120-1, at ¶ 8).

This Court held an updated case management conference on March 18, 2021 and thereafter issued a case management conference order stating, *inter alia*, the deadline for amending pleadings and adding parties was "Closed." (Doc. 115); *see also* Doc. 114 (report of parties' planning meeting, signed by, *inter alia*, Grewal's counsel, stating "None -- all parties and pleadings are in order" in regarding amending pleadings or adding additional parties).

On March 22, 2021, the Court also issued an Amended Order to Show Cause to Vintro. (Doc. 118). Therein, the Court ordered Vintro to show cause on or before March 29, 2021 as to its failure to appear, plead, or respond. *Id.* The Order was mailed to an address previously-provided

4

by Vintro's counsel, and returned undeliverable on April 12, 2021. (Doc. 121). On May 3, 2021, the Court mailed another copy of the Order to another previously-provided address. *See* Non-document entry dated May 3, 2021. The Court received no returned mail or response.

On June 3, 2021, the Court denied Grewal's motion to dismiss. (Doc. 140). The next day, Grewal's counsel entered an appearance on his behalf, and also on behalf of Vintro. (Docs. 141, 142). That same day, Vintro filed an Answer to the Second Amended Complaint. (Doc. 143). Three days later, on June 7, 2021, Vintro filed a Response to the Show Cause Order. (Doc. 145). Therein, Vintro "acknowledge[d] its failure to timely secure counsel . . . [,] to timely file an answer to Plaintiff's Second Amended Complaint . . . [and] to timely respond to the Court Order to Show Cause." *Id.* at ¶¶ 1-3. It asserted Vintro retained counsel on June 4 and counsel was "new to this fact pattern". *Id.* at ¶¶ 4, 8. Further, Vintro asserted that during the progression of the case – while Grewal's motion to dismiss was pending – "counsel became aware of circumstances which required [Vintro] to appear in the instant case for due process, judicial expediency and per contract" and "[i]mmediately upon Grewal's Counsel's understanding of the issues, she advised Defendant and Defendant retained Counsel." *Id.* at ¶¶ 12-13.

On June 14, 2021, the Court issued a non-document order deeming the Order to Show Cause satisfied, and instructed the parties to confer and file a proposed updated case management schedule. (Non-document order dated June 14, 2021).

On June 23, 2021, Vintro filed: an Answer and Affirmative Defenses to Bankers's Crossclaim (Doc. 155), an Answer and Affirmative Defenses to Everest/EverSports' Crossclaim (Doc. 156), and a Crossclaim against ARC, Bankers, Berkley, Everest, and EverSports (Doc. 158). The same day, Grewal filed an Answer, Affirmative Defenses, and Counterclaims to Everest's Third-Party Complaint. (Doc. 157).

Five days later on June 28, 2021, Vintro filed an Amended Crossclaim against ARC, Bankers, Berkley, Everest, and EverSports (Doc. 161) and Grewal filed an Amended Answer and Affirmative Defenses and Amended Counterclaim against Everest (Doc. 160).

Vintro asserted crossclaims against Bankers for agent error, bad faith, fraudulent inducement, unjust enrichment, negligence, and damages based on Bankers's alleged misrepresentations regarding insurance coverage. (Doc. 161, at 9-14). It asserted crossclaims against Everest for wrongful denial, bad faith, unjust enrichment, breach of contract (set aside settlement agreement), negligence, and damages *Id.* at 14-20. Finally, it asserted crossclaims against Berkley for negligence and damages for allegedly failing to disclose it no longer insured the property. *Id.* at 20-21.[6]

Grewal asserted counterclaims for wrongful denial, damages, and bad faith against Everest in response to the Third-Party Complaint, stating *inter alia*, that "[a]s a direct and proximate result of Everest's wrongful denial, Vintro Hotels LLC incurred damages and was unable to repair the property". (Doc. 160, at 16).

The first Motion to Strike (Doc. 163) was filed the same day, and, almost simultaneously, Grewal and Vintro filed a Motion for Leave of Court "to allow [Grewal and Vintro] to assert crossclaims against co-defendants Berkley . . . , Bankers . . . , and Everest". (Doc. 165). This Motion was filed after the cited crossclaims were filed. Grewal also filed – after the motion for

---

6. Although the title of this pleading names Specialty Insurance Group (now EverSports) and ARC in addition to Everest, Bankers, and Berkley, there are no affirmative crossclaims asserted against either party in the pleading itself. *See* Doc. 161. Moreover (and seemingly tellingly), Grewal and Vintro's Motion for Leave to allow such pleadings request leave for Vintro "to file a crossclaim against . . . Bankers . . . Everest . . and Berkley" and does not name SIG/EverSports or ARC. (Doc. 165, at 1); *see also* Doc. 169, at 8 n.3 (pointing out that the counterclaims and crossclaims name both Everest and EverSports but "the actual claims for relief in these pleadings are silent as to EverSports" and noting EverSports "reserves the right to assert that Grewal and Vintro have failed to assert any claims against it or to seek leave to assert such claims").

leave – a crossclaim against Bankers. (Doc. 166). Other Motions to Strike (Docs. 169, 173, 190) and further briefing followed.

### DISCUSSION

Currently disputed are the following pleadings filed by Vintro and Grewal in June: Vintro's Answer and Affirmative Defenses to Bankers's Crossclaim (Doc. 155); Vintro's Answer and Affirmative Defenses to Everest's Crossclaim (Doc. 156); Vintro's Crossclaim and Amended Crossclaim against ARC, Bankers, Berkley, Everest, and Eversports (Docs. 158, 161); Grewal's Counterclaims and Amended Counterclaims against Everest (Docs. 157, 160)[7]; and Grewal's Crossclaim against Bankers (Doc. 166). Bankers, Berkley, and Everest move to strike these pleadings (Docs. 163, 169, 173, 190), and Grewal and Vintro move for leave to file them (Doc. 165). For the reasons discussed below, the Court grants the motions to strike the crossclaims and counterclaims, denies the motion for leave to file those crossclaims, grants Everest/EverSports's motion to strike Vintro's answer to its crossclaim, denies Bankers's motion to strike Vintro's answer to its crossclaim, and overrules Grewal and Vintro's discovery "objection".

Preliminarily, the Court rejects two more technical arguments raised in the motions to strike. Movants argue many pleadings were late by a matter of days, or that the motion for leave to file them was filed subsequent to the pleading itself. Although understanding the frustration with the untimely and convoluted nature of the filings, this Court has typically emphasized substance over form and will continue to do so here. Therefore, the Court declines to strike any pleading *solely* because it was late by a matter of days, or because the motion for leave to file such a pleading was filed after the pleading itself. The Court therefore turns to the remaining arguments.

---

7. Everest moves to strikes only the Counterclaims and Amended Counterclaims, not Grewal's Answer, which is also contained in this pleading. *See* Doc. 169, at n.2.

Motions to Strike Vintro's Pleadings

Movants contend Vintro's pleadings are untimely, and Vintro has not shown excusable neglect under Federal Civil Rule 6 for the failure to timely file nor good cause under Rule 16 to modify the Court's scheduling order. *See* Docs. 163, 169, 173, 190. Vintro responds that its filings were not untimely because they were filed shortly after this Court's June 14, 2021 order "join[ing] Vintro to the case". (Doc. 200, at 3); *see also* Doc. 200, at 6 ("The timeline of events shows Vintro filed its Answer to Everest's Crossclaims and Counterclaims timely *upon being joined into the matter* and timely sought leave to file Amended Counterclaims") (emphasis added).

At the outset, the Court fundamentally disagrees with the premise upon which Vintro's argument rests. Vintro, despite its statement to the contrary, entered this case through prior counsel in January 2020. *See* Doc. 9. Vintro actively participated in this case until September 2020 when its counsel withdrew. Vintro then, without further explanation – *then or now* – simply stopped participating despite knowing it was a named party in an ongoing suit. Its June 2021 response to this Court's Order to Show Cause does not rewrite that history. Moreover, the Court notes Vintro, in its response to that Order , "acknowledge[d] its failure to timely secure counsel . . . [,] to timely file an answer to Plaintiff's Second Amended Complaint . . . [and] to timely respond to the Court Order to Show Cause." (Doc. 143, at ¶¶ 1-3). That is, Vintro has admitted its untimeliness.

Further, deeming the Show Cause Order satisfied represented this Court's decision not to hold Vintro in contempt or pursue a *sua sponte* default determination at that time, but did not preclude the arguments now presented by movants regarding the timeliness of Vintro's reappearance and pleadings. The Court therefore turns to the present arguments.

*Leave to File*

Vintro (along with Grewal) moves for leave to file crossclaims against Berkley, Bankers, and Everest. (Doc. 165). Therein, they note this Court stated Grewal would be given reasonable accommodations to the filing schedule if his motion to dismiss was denied and contend he "now seeks accommodations to file crossclaims on his behalf *and on behalf of his limited liability company*". *Id.* at 2 (emphasis added). The filing itself does not offer any specific excuse for Vintro's late reappearance, but refers in part to Vintro's response to the Court's order to show cause which asserted, *inter alia*, its "counsel became aware of circumstances which required [Vintro] to appear in the instant case for due process, judicial expediency and per contract" while the motion to dismiss was pending. (Doc. 145, at 2).

The Court's September 24, 2020 Order – of which Vintro had notice through its withdrawing counsel – set the deadline to amend pleadings as November 2, 2020. (Doc. 71). But Vintro chose to abandon this litigation and did not assert any affirmative crossclaims or counterclaims against Bankers, Everest, Berkley, or any other party by that deadline. And this Court again stated in March 2021 that the pleadings were closed. *See* Doc. 115.

Federal Civil Rule 6(b)(1)(B) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "[D]eterminations of excusable neglect sound in equity and take 'account of all relevant circumstances surrounding the party's omission.'" *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395

9

(1993)).[8] "Relevant factors include the danger of prejudice to the other party, the length and reason for the delay—including whether it was within the party's control—and whether the party acted in good faith. *Id.*; *see also Nafzinger*, 467 F.3d at 522 (describing five factors). However, excusable neglect "is a somewhat elastic concept", 507 U.S. at 392, and the "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010); *Proctor*, 560 F. App'x at 453 ("[T]he factor provided by the party as the reason for the delay is the factor that is most critical to the excusable neglect inquiry.").

Further, seeking leave to amend after the scheduling order's deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 15 provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16 requires the district court to enter a scheduling order that includes a deadline for amending pleadings. Fed. R. Civ. P. 16(b)(3)(A). Rule 16 also requires the district court modify its scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). Consequently, notwithstanding Rule 15's directive freely to give leave to amend, a party seeking leave to amend after the scheduling order's deadline must meet Rule 16's good-cause standard for the district court to amend the scheduling order. *Leary*, 349 F.3d at 909; *Commerce Benefits Grp. Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) ("Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate

---

8. Although *Pioneer* arose from a bankruptcy proceeding, its discussion of excusable neglect also applies to Federal Civil Rule 6(b). *See Pioneer*, 507 U.S. at 391 (noting the applicable bankruptcy rule was patterned after Rule 6(b)); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (applying *Pioneer* factors to a Rule 6(b) excusable neglect decision).

prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a).") (internal quotation marks and citation omitted) (emphasis added). Parties "can demonstrate 'good cause' for their failure to comply with the original schedule [ ] by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907; *see also Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009)(denying a motion to amend after a scheduling order deadline because the movant failed to "adequately explain its delay").

Vintro does not now explain much less offer good cause or excusable neglect to justify its eight-month absence from this litigation prior to June 2021 and resulting late-filed crossclaims and counterclaims. Rather, it offers vague assertions regarding what its counsel knew and when she knew those things and more vague assertions regarding due process, good faith, and judicial expediency. And the *Pioneer/Nafzinger* factors counsel against finding excusable neglect here. The length of the delay is significant, no clear reason is given for the delay, the delay was fully within Vintro's control, and it is difficult for this Court to conclude that Vintro acted in good faith when it abandoned this litigation only to return over eight months later to pursue a different legal strategy. Further, the Court agrees with Defendants: the prejudice attendant to defending against these extremely late-filed affirmative pleadings is significant given the new facts alleged and new claims raised. *See Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 483 F. App'x 85, 94 (6th Cir. 2012) (denying leave where "the addition of the new claims would cause prejudice to the nonmoving party at such a late stage in the litigation").

Nor, under Rule 16, has Vintro "show[n] that despite [its] diligence [it] could not meet the original deadline" for filing these pleadings. *Leary*, 349 F.3d at 907; *see also* Doc. 71 (September 24, 2020 Order granting leave to any party to file an amended pleading by November 2, 2020); *see*

11

*also* Doc. 115 (stating, in March 2021 that pleadings were closed). Rather, Vintro's actions seem to show a change of heart or strategy, not "neglect" at all. *See Commerce Benefits Grp.*, 323 F. App'x at 376 (finding no good cause where movant failed to "adequately explain its delay"); *Ceres Protein, LLC v. Thompson Mech. & Design*, 2017 WL 1025244, at *3 (W.D. Ky.) (denying leave to amend where "[t]here appear[ed] to be no justification for the delay in attempting to prosecute those new claims").

Although the Court may sympathize with *counsel's* plight at entering this exceedingly complex case at mid-stream, that does not excuse *Vintro*'s delay, when it was warned in September 2020 that failure to participate in this action would have consequences (Doc. 68) and informed – through counsel's final appearance at the September 24, 2020 phone status conference – that the deadline for amending pleadings was November 2, 2020 (Doc. 71). Vintro has offered no "excusable neglect" or "good cause" for its earlier abandonment of this litigation and belated attempt to rejoin and add entirely new affirmative claims to an eighteen-month-old case. Vintro knew this case was ongoing and chose to ignore it.[9] Any injury Vintro has suffered or will now suffer as a result is an entirely self-inflicted one. As such, the Court grants Everest/EverSports's Motion to Strike (Doc. 169) as it pertains to Vintro's Crossclaims, and Amended Crossclaims, Bankers's Motions to Strike as they relate to Vintro's Crossclaims, and Amended Crossclaims (Docs. 163, 173), and Berkley's Motion to Strike Vintro's Amended Crossclaim (Doc. 190).

---

9. In a filing on an independent issue to those addressed in this Order, Vintro asserts its actions were taken on advice of prior counsel. *See* Doc. 209, at 5. The Court declines to entertain such an argument because (1) it was not presented in the proper order of briefing here, but rather, as an aside in a Reply brief responding to a request for sanctions related to a different filing and (2) Vintro offers no evidentiary support (in the form of an affidavit or otherwise) to support its claim.

*Motions to Strike Answers to Crossclaims*

Everest/EverSports and Bankers both further move to strike Vintro's answers to their crossclaims, contending those answers – like Vintro's affirmative crossclaims discussed above – are untimely. Vintro cites a lack of service of pleadings filed subsequent to its initial counsel's withdrawal. *See* Doc. 182, at 2 ("Vintro's actual service date is unknown as to Banker's [sic] November 11, 2020, Answer to Amended Second Complaint and Crossclaim since Vintro was not represented by Counsel and had no access to PACER."); Doc. 202, at 2 ("To date, neither Sinmier, Everest, nor Bankers have filed a proof of service, a Court order entered consistent with Federal Rule 5(c), nor has a waiver of service per Federal Rule 4(d)[.]").

Federal Civil Rule 5 governs, *inter alia*, service of pleadings after the service of an original complaint such as the Amended Crossclaims at issue here (Docs. 82, 94). Two subsections are relevant here. First, Rule 5(a)(1)(B) provides:

> (1) *In General.* Unless these rules provide otherwise, each of the following papers must be served on every party:
> * * *
> (B) a pleading filed after the original complaint unless the court orders otherwise under Rule 5(c) because there are numerous defendants.

Second, Rule 5(b)(2) – "Service: How Made" – provides, in relevant part:

> (2) *Service in General.* A paper is served under this rule by:
>
> ***
> (B) leaving it:
>
> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>
> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>
> (C) mailing it to the person's last known address—in which event service is complete upon mailing;

13

(D) leaving it with the court clerk if the person has no known address;

(E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

As a result, "[o]nce a party appears in the action, it may become vulnerable to service of claims for new or additional relief under the relatively informal methods set out in Rule 5(b)." 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1144.

*Everest/EverSports*

First, as to Everest/EverSports's Amended Crossclaims, the Court finds service accomplished pursuant to the rules. Everest/EverSports sent the pleading to the two physical addresses and one email address provided by Vintro's withdrawing attorneys. *See* Doc. 82, at 34 (certificate of service); Doc. 70 (withdrawing counsel's notice listing Vintro's contact information). Rule 5 governs service of "every pleading subsequent to the original complaint". Fed. R. Civ. P. 5(a). Rule 5(b)(2)(C) applies here, and service was accomplished on October 28, 2020. Fed. R. Civ. P. 5(b)(2)(C) ("mailing it to the person's last known address—in which event service is complete upon mailing"); *see also Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007) (finding service by mail under Rule 5(b)(2) appropriate and Rule 5(a) inapplicable where "defendants were *not* in default for failure to appear; the court had already exercised personal jurisdiction over them [and] [b]y the time the amended complaint was filed, appellants had participated actively in the litigation by filing an answer to the original complaint and contesting a disputed counterclaim") (emphasis in original). Vintro did not respond to that

pleading until its attempt to do so on June 23, 2021 (Doc. 156) and its attempt to file a Crossclaim against Everest that same date (Doc. 158), and an Amended Crossclaim on June 28, 2021 (Doc. 161). These pleadings are well-beyond untimely unless Vintro can establish otherwise. And, for the same reasons stated above, the Court finds Vintro has not done so. It has not provided excusable neglect for failure to timely file these pleadings nor has it shown good cause to modify the scheduling order.

*Bankers*

Service as to Bankers's crossclaims – and thus Vintro's time to respond thereto – is less clear. The certificate of service on the same simply states that "[n]otice of this filing will be sent to all parties by operation of the Court's electronic filing system." (Doc. 94, at 36). The new crossclaims (Doc. 94) expanded upon Bankers's previously-filed crossclaims (Doc. 46) (which Vintro answered prior to its counsel's withdrawal, *see* Doc. 49). Both versions assert claims for contribution and indemnification. (Doc. 46, 94). The new version additionally asserts five counts of fraudulent inducement. (Doc. 94, at 29-34). These claims are based on allegations that Vintro misrepresented the closing date on the property, concealed the purchase date of the property, and made misrepresentations to Bankers about what coverage it required. *See id.*

The Court's electronic filing system demonstrates the email address provided by withdrawing counsel for Vintro (inderjitgs@yahoo.com) received notice of this filing. *See* Doc. 70 (counsel's notice of compliance with court's order, including this email address). But the Court cannot definitively find this was proper service. Federal Civil Rule 5(b)(2)(E) provides one can serve a subsequent pleading by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing – in either of which events service is complete upon filing or sending, but is not effective

15

if the filer or sender learns that it did not reach the person to be served". But it is not clear from the docket that this email address was provided as a "registered user" or that Vintro provided "consent[] . . . in writing" to electronic service. Fed. R. Civ. P. 5(b)(2)(E).

Because service of Bankers's Amended Crossclaims is unclear, so too is the required timing for Vintro to file an Answer thereto. *See* Fed. R. Civ. P. 12(a)(1)(B) (responsive pleading due 21 days after service). Therefore, the Court denies Bankers's motion to strike (Doc. 163) as it pertains to Vintro's Answer.

Motions to Strike Grewal's Pleadings

Everest/EverSports also move to strike Grewal's Counterclaim and Amended Counterclaim as both untimely and futile. (Doc. 169, at 16-17). And Bankers moves to strike Grewal's crossclaim for similar reasons. (Doc. 173) (incorporating arguments presented in, *inter alia*, Doc. 172). Grewal's filings were not timely filed. Pursuant to Federal Civil Rule 12(a)(4)(A), if a court denies a Rule 12 motion, "the responsive pleading must be served within 14 days after notice of the court's action". This Court denied Grewal's motion to dismiss on June 3, 2021. (Doc. 140). Grewal did not file his Answer and Counterclaim to the Third-Party Complaint until June 23, 2021 (20 days after this Court's ruling). (Doc. 157). Prior to filing, he did not request leave to file these pleadings late; he moved for leave to file them only *after* (1) he filed an Amended Answer and Counterclaim, and (2) Bankers moved to strike Vintro's Answer and Crossclaim against it. He filed his Crossclaim against Bankers immediately after the motion for leave on June 28, 2021 (25 days after this Court's ruling on the motion to dismiss). The Court specifically rejects Grewal's argument that he had 21 days following the Court's ruling on his Motion to Dismiss to file any responsive pleadings under Federal Civil Rule 12(a)(1)(A)(i). That rule applies to the initial

16

responsive pleading, but here Grewal filed a Motion to Dismiss. Following the Court's denial thereof, the operative rule is clearly Rule 12(a)(4)(A).

Because the filings were untimely, the Court again turns to Federal Civil Rule 6(b). Everest/EverSports and Bankers further argue Grewal cannot show good cause or excusable neglect for the late-filed Counterclaim (Doc. 157), Amended Counterclaim (Doc. 160), and Crossclaim (Doc. 166) in part because these claims are futile. Specifically, they argue Grewal in his Counterclaims "seeks relief from Everest relative to the insurance policy on which Vintro, not Inderjit Grewal, was the named insured", but "Grewal lacks standing to assert these claims" and has not "claimed in his Counterclaim that he is an intended third-party beneficiary to the policy." (Doc. 169, at 17); *see also* Doc. 172, at 2 ("Grewal's untimely Crossclaim is a transparent attempt to allege under his own name purported claims of Vintro. Grewal has no standing to bring these claims."). Grewal provides no response to this argument. *See* Docs. 200, 202.

Grewal asserts three counterclaims against Everest. First, he asserts a claim for "wrongful denial" of insurance coverage and contends "[a]s a direct and proximate result of Everest's wrongful denial, Vintro Hotels LLC incurred damages and was unable to repair the property." (Doc. 157, at 17). Second, he asserts a counterclaim for "damages", contending "[a]t all relevant times, Defendant Everest owed [Grewal] a duty to act with due care and in good faith", breached those duties, and – as a result – Grewal "lost equity and income related to the Property." *Id.* Finally, Grewal asserts a counterclaim for bad faith, noting that Ohio law requires an insurance company to "act in good faith in the handling and payments of the claims of its insured". *Id.* He asserts Everest breached the contract with "Insured". *Id.*[10] He similarly asserts three crossclaims against

---

10. Grewal's purported counterclaims against Everest and crossclaims against Bankers are essentially restatements of Vintro's purported crossclaims against Everest.

17

Bankers entitled wrongful denial, bad faith, and unjust enrichment. (Doc. 166). These claims are similarly based on Bankers's actions regarding Vintro's insurance coverage (or lack thereof). Throughout these crossclaims, Grewal refers to himself as "Grewal of Vintro". *See, e.g.*, *id.* at 10 ("This constitutes yet another breach of policy with Grewal of Vintro.").

As movants point out, "[o]nly a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio", *Grant Thorton v. Windsor House, Inc.*, 57 Ohio St. 3d 158, 161 (1991), and "[a]n incidental or indirect benefit to the third party is not sufficient to provide the third party with a cause of action", *Caruso v. Nat'l City Mortg. Co.*, 187 Ohio App. 3d 329, 335 (Ohio Ct. App. 2010) (citing *Grant Thorton*, 57 Ohio St.3d at 161). There is no dispute here that Vintro, not Grewal, was the insured. And, as movants point out, Grewal has not pled he was an intended third-party beneficiary of this contract. Further, "Ohio law is clear that a 'member of a limited liability company lacks standing to assert claims individually where the cause of action belongs to the company.'" *Lynx Servs., Ltd. v. Horstman*, 182 F. Supp. 3d 757, 767 (N.D. Ohio 2016) (quoting *TD Ltd. L.L.C. v. Dudley*, 2014 WL 4534927, *4 n. 2 (Ohio Ct. App.) (citations and quotations marks omitted)).

The Court cannot find good cause or excusable neglect to permit Grewal to bring a futile claim, particularly at this late stage of the case where permitting such a claim to go forward would greatly prejudice the parties' abilities to comply with the Court's current case management deadlines for discovery and the filing of dispositive motions. *See, e.g.*, *Akron Bd. of Educ. v. Wallace*, 2017 U.S. Dist. LEXIS 193507, at *9 (N.D. Ohio) (denying leave to file a counterclaim in part because counterclaim would delay the proceedings, and substantively would be barred by *res judicata*). This is especially so where Grewal has provided no direct response to

Everest/EverSports's and Bankers's argument in this regard, but rather addressed only the timing issues. *See* Docs. 200, 202.

Accordingly, the Court will grant Everest/EverSports's Motion to Strike as to Grewal's Counterclaim and Amended Counterclaim (Doc. 169) and grant Bankers's Motion to Strike Grewal's Crossclaim (Doc. 166).

Vintro/Grewal "Objection"

Finally, Vintro and Grewal have also filed a motion, titled an "Objection", asserting Everest is interfering with the federal subpoenas of non-party Ryan Barron and Matson Driscoll Damico LLP ("MDD"). (Doc. 204). Everest opposed (Doc. 205), and Vintro/Grewal replied (Doc. 209). Barron is a former Everest claims adjustor who managed Vintro's January 2019 insurance claim and MDD is the forensic accounting firm employed by Everest to evaluate the lost income portion of that claim.

The Court overrules the objection. First, the Court finds nothing improper about Everest's counsel preparing Barron (Everest's former employee) for a deposition in this case or representing Barron at that deposition. Second, upon counsel's representation that no documents were withheld from the documents MDD produced in response to Vintro's subpoena, the Court finds any objection in this regard moot. The Court declines Everest's request – set forth in its opposition (Doc. 205) – to award attorneys' fees.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Bankers's Motion to Strike Vintro's Answer and Vintro's Crossclaim (Doc. 163) be, and the same hereby is, GRANTED IN PART and DENIED IN PART, as described herein; and it is

19

FURTHER ORDERED that Everest/EverSports's Motion to Strike (Doc. 169), be and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Bankers's Motion to Strike Vintro's Amended Crossclaim and Grewal's Crossclaim (Doc. 173) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Berkley's Motion to Strike (Doc. 190) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Vintro and Grewal's Motion for Leave (Doc. 165), be and the same hereby is DENIED; and it is

FURTHER ORDERED that Vintro and Grewal's "Objection" (Doc. 204), be and the same hereby is, OVERRULED.

 s/ *James R. Knepp II*
 UNITED STATES DISTRICT JUDGE