IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SINMIER, LLC,**                                   CASE NO. 3:19 CV 2854

    Plaintiff,

    v.                                         JUDGE JAMES R. KNEPP II

**EVEREST INDEMNITY INS. CO., et al.,**

    Defendants.                         **DEFAULT JUDGMENT ORDER**

### INTRODUCTION

Currently pending before the Court is Everest Indemnity Insurance Company ("Everest") and EverSports & Entertainment Insurance, Inc's ("EverSports") Motion for Default Judgment Against Vintro Hotels & Resorts Ohio, LLC ("Vintro") as to Counts III, IV, and V of the Crossclaims of Everest and EverSports. (Doc. 243).

For the reasons set forth below, the Court GRANTS the Motion and enters a Default Judgment against Vintro as to Counts III, IV, and V of Everest/EverSports's Crossclaims as detailed below.

### BACKGROUND

On October 28, 2020, Everest and EverSports asserted five crossclaims against Vintro: fraud (Count I); breach of contract (theft of settlement funds) (Count II); indemnification (Count III); breach of contract (failure to indemnify and hold harmless) (Count IV); and common law subrogation (Count V). (Doc. 82).

Approximately eight months later, on June 23, 2021, Vintro filed a belated Answer and Affirmative Defenses to these crossclaims (Doc. 156). Everest and EverSports moved to strike the pleading. (Doc. 169).

On August 25, 2021, the Court granted Everest/EverSports' motion to strike, finding Vintro had failed to demonstrate excusable neglect for its failure to timely file. (Doc. 222, at 13-15).

On September 14, 2021, Everest/EverSports filed an Application to Clerk for Entry of Default pursuant to Federal Civil Rule 55(a). (Doc. 226).

On September 15, 2021, the Clerk issued an Entry of Default against Vintro as to Everest/EverSports' Crossclaims. (Doc. 228).

On September 16, 2021, Vintro filed a Motion to Vacate Default. (Doc. 229). Following full briefing (Docs. 236, 238, 241, 244, 246) but before this Court issued a ruling, on December 15, 2021 Vintro withdrew the Motion to Vacate (Doc. 254).

During this same time period, on November 8, 2021, Everest/EverSports filed: (1) an Application to the Clerk for default judgment against Vintro on Counts I and II of Everest/EverSports' crossclaims pursuant to Federal Civil Rule 55(b)(1) (Doc. 242); and (2) a Motion for Default Judgment against Vintro on Counts III, IV, and V of Everest/EverSports' crossclaims pursuant to Federal Civil Rule 55(b)(2) (Doc. 243). Vintro has not responded to the Motion for Default Judgment.

STANDARD OF REVIEW

Federal Civil Rule 55 provides, in relevant part:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

> **(1)** *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2)** *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> **(A)** conduct an accounting;
>> **(B)** determine the amount of damages;
>> **(C)** establish the truth of any allegation by evidence; or
>> **(D)** investigate any other matter.

Fed. R. Civ. P. 55.

DISCUSSION

Everest/EverSports contend – and the Court agrees – the damages sought by Counts III, IV, and V (indemnification, breach of contract-failure to indemnify and hold harmless, and common law subrogation) cannot be determined until this matter has substantially concluded.

Everest/EverSports have filed an appropriate motion under Federal Civil Rule 55(b)(2) seeking a default judgment, with damages to be determined at a later date following a hearing. (Doc. 243).

Because Vintro has failed to plead or otherwise defend against Everest/EverSports' Crossclaims, and the Clerk entered default on September 15, 2021, Everest/EverSports have demonstrated their entitlement to the requested default judgment. The Court will set a hearing to determine the amount of the judgment as it relates to Counts III, IV, and V after this matter concludes.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Everest/EverSports' Motion for Default Judgment Against Vintro as to Counts III, IV, and V of the Crossclaims of Everest and EverSports (Doc. 243), be and the same hereby is GRANTED, and judgment is hereby entered as to the crossclaims asserted in the Joint Answer of Defendants Everest Indemnity Insurance Company and Specialty Insurance Group[1] to Second Amended Complaint (Doc. 82), as follows:

1. As to **Count III (Indemnification)** of the Crossclaims, the Court finds that (1) Vintro has a duty to indemnify and hold Everest harmless for Plaintiff Sinmier, LLC's ("Sinmier") claims against Everest in this action, and to the extent that Sinmier recovers any amounts from Everest in connection with its claims in this action, Everest is entitled to be indemnified by Vintro for such amounts; and (2) Vintro also has a duty to indemnify and hold Everest harmless for all costs and legal fees incurred by Everest in connection with the claims asserted against Everest in this action. Accordingly, judgment is entered in favor

---

1. During the course of this litigation, Specialty Insurance Group changed its name to EverSports & Entertainment Insurance, Inc. *See* Doc. 168.

of Everest and against Vintro as to Count III. It is further ordered that the amount of damages, attorney's fees, and costs to be imposed upon Vintro relative to Count III shall be determined after a hearing is held pursuant to Federal Civil Rule 55(b)(2) to be scheduled at a later date when this matter has been substantially concluded.

2. As to **Count IV** (Breach of Contract-Vintro-Failure to Indemnify and Hold Harmless) of the Crossclaims, the Court finds Vintro has breached the Settlement and Release Agreement between Vintro and Everest by failing to indemnify Everest and hold it harmless in this matter. Accordingly, judgment is entered in favor of Everest and against Vintro as to Count IV. It is further ordered that the amount of damages, attorney's fees and costs to be imposed upon Vintro relative to Count IV shall be determined after a hearing is held pursuant to Federal Civil Rule 55(b)(2) to be scheduled at a later date when this matter has been substantially concluded.

3. As to **Count V** (Common Law Subrogation) of the Crossclaims, the Court finds that Everest and EverSports are subrogated to all the rights of recovery of Sinmier against Vintro and to the extent Everest and/or EverSports are held liable to Sinmier for any amounts in this action, Everest and/or EverSports are entitled to recover such amounts from Vintro. Accordingly, judgment is entered in favor of Everest and EverSports and against Vintro as to Count V. It is further ordered that the amount of damages, attorney's fees, and costs to be imposed upon Vintro relative to Count V shall be determined after a hearing is held pursuant to Federal Civil Rule 55(b)(2) to be scheduled at a later date when this matter has been substantially concluded.

                s/ *James R. Knepp II*
                UNITED STATES DISTRICT JUDGE