# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**SINMIER, LLC,**                                            CASE NO. 3:19 CV 2854

    Plaintiff,

    v.                                                  JUDGE JAMES R. KNEPP II

**EVEREST INDEMNITY INS. CO., et al.,**

    Defendants.                                  **ORDER**

During the record telephone discovery dispute conference held on June 9, 2022, this Court once again extended the discovery deadline in the above-captioned case to August 1, 2022, for the limited purpose of conducting the depositions of Inderjit Grewal and Manvir Dhaliwal, and the re-opening of the deposition of Pargat Grewal.[1]

On July 28, 2022, Defendants Everest Indemnity Insurance Company and EverSports & Entertainment Insurance, Inc., filed a motion to hold Manvir Dhaliwal in contempt for failing to appear for her July 22, 2022 rescheduled deposition pursuant to an earlier-issued subpoena, citing Federal Civil Rule 45(g). (Doc. 281). That subpoena – for a remote deposition to be held by Zoom – was issued to Ms. Dhaliwal at an address in Newcastle, Washington. (Doc. 271).

---

1. At the same time, the Court ordered Third-Party Defendant Inderjit Grewal, to appear in the United States for a deposition on or before July 15, 2022, at a time agreed upon by the parties. On July 18, 2022, Defendants Everest Indemnity Insurance Company and EverSports & Entertainment Insurance, Inc. filed a motion for sanctions against Grewal for his "willful violation" of the Court's order. (Doc. 280). This motion remains pending before the Court.

Federal Civil Rule 45(g) provides that "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

"A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *see also* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").For the purposes of Rule 37(a)(2), a deposition taken by remote means "takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4).

It appears the deposition Defendants seek to compel will take place in Washington state, as the record indicates the relevant subpoena was issued to Ms. Dhaliwal in Newcastle, Washington. At a minimum, this record offers no indication the place of compliance is within the Northern District of Ohio.

As such, the Court is unable to provide the requested relief with respect to the underlying subpoena. Rather, Defendants must refile the instant motion in the U.S. District Court where compliance is required. The matter may be transferred to the Northern District of Ohio as the issuing court either on consent or upon a finding of exceptional circumstances. *See* Fed. R. Civ. P. 45(f).

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants Everest Indemnity Insurance Company and EverSports & Entertainment Insurance, Inc.'s Motion for Contempt (Doc. 281), be and the same hereby is, DENIED.[2]

       s/ *James R. Knepp II*
       UNITED STATES DISTRICT JUDGE

---

2. The denial of Defendant's motion is without prejudice to consideration of a such a motion should one be transferred to this Court.