IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SINMIER, LLC,**      CASE NO. 3:19 CV 2854

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**EVEREST INDEMNITY INS. CO., et al.,**

    Defendants.      **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court is Defendant Bankers Insurance, LLC's ("Bankers") Motion for Sanctions and Default Judgment on its Crossclaim against Defendant Vintro Hotel & Resorts Ohio, LLC ("Vintro"). (Doc. 285). Vintro has not filed a response. Plaintiff, Sinmier, LLC filed a Limited Opposition to the motion (Doc. 298), and Bankers replied thereto (Doc. 308).

For the reasons discussed below, the Court grants the motion, strikes Vintro's Answer to Bankers' Crossclaim, and enters default judgment against Vintro as to Bankers' Crossclaim.[1]

## BACKGROUND

This case arises out of an insurance claim for water and wind property damage. In its Second Amended Complaint, Plaintiff Sinmier, LLC brings claims against two insurance companies (Everest Indemnity Insurance Company and Berkley National Insurance Company), two insurance brokers (Bankers Insurance, LLC and Alternative Risk Company), and Vintro Hotels and Resorts, LLC. (Doc. 76). Against Bankers, Plaintiff brings claims for Breach of

---

[1]. Separately, while its Motion for Sanctions and Default was pending, Bankers also filed a Motion for Summary Judgment as to its Crossclaim against Vintro. (Doc. 371). As the Court grants the Motion for Sanctions and Default, it will deny as moot the Motion for Summary Judgment.

Contract – Third Party Beneficiary (Count III), Negligence (Count V), Negligence *Per Se* (Count VII), and Misrepresentation/Fraud (Count X). *Id.* at 15-16, 18-19, 21, 24-25.

As is relevant to the instant motion, Bankers brought a Crossclaim against Vintro. *See* Doc. 94, at 27-34. Therein, Bankers asserted claims for indemnification (Count I), contribution (Count II), and fraudulent inducement (Counts III – VII). The fraudulent inducement claims were based upon alleged misrepresentations from Vintro (through Inderjit Grewal and Lee Friedman) to Bankers regarding Vintro's closing date for purchase of the property. In each fraudulent inducement count, Bankers sought "an Order declaring void the alleged contract between Vintro and Bankers regarding Bankers agreement to procure insurance coverage for Vintro for the Property, and granting Bankers its costs, expenses, attorneys' fees, and all other relief to which it may be entitled from Vintro." *Id.* at 30-33.

Vintro – after abandoning the litigation for over eight months – returned and answered, denying the allegations underlying Bankers' Crossclaims. (Doc. 155).

This Court previously entered a default judgment in favor of Everest Indemnity Insurance Company and EverSports & Entertainment Insurance, Inc., on its Third-Party Complaint against Inderjit Grewal individually based on Grewal's failure to appear in the United States for a deposition as previously ordered by the Court. (Doc. 287). Bankers incorporates and adopts by reference Everest and EverSports' arguments in favor of default, including its summary of Vintro and Grewal's action (and inaction) throughout the course of this case. (Doc. 285) (citing Doc. 280). Bankers further asserts (1) Grewal, Vintro, and their attorney were aware of the Court's Order that Grewal attend a deposition, and Grewal refused to do so; (2) Bankers has been prejudiced by Grewal's failure to appear for the deposition as its fraudulent inducement claims are based on Grewal's statements to, and concealments from, Bankers on behalf of Vintro; (3) Vintro was

appropriately warned that it would be subject to default judgment; and (4) lesser sanctions would be futile. (Doc. 285).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure grant courts the authority to impose sanctions against a party for failure to make disclosures or cooperate in discovery. Fed. R. Civ. P. 37. Possible sanctions include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party". Fed. R. Civ. P. 37(b)(2)(A)(iii)-(iv).

The Sixth Circuit has "established several legal principles that guide a discretionary decision to grant a default judgment . . . under Rule 37." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 768–69 (6th Cir. 2019).

> From a bird's-eye view, [the Circuit has] noted that this sanction "is a drastic step which should be resorted to only in the most extreme cases." *Id.* at 769 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). And "[m]ore in the weeds, [it has] asked four questions when deciding whether a district court properly invoked this 'strongest weapon': (1) Did the party act in bad faith? (2) Was the opposing party prejudiced? (3) Did the court give adequate warning? and (4) Could less drastic sanctions have ensured compliance?" *Id.* (quoting *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

*Id.*

## DISCUSSION

The Court has received no opposition from Vintro to Bankers' motion for sanctions including the striking of Vintro's Answer to Bankers' Crossclaim and entering default judgment in favor of Bankers on its Crossclaim.

Sinmier's Opposition

Plaintiff Sinmier, however, filed a "Limited Opposition" asserting it takes no position on whether default is proper, but that Bankers' requested relief exceeds the scope of its claim, and

3

thus "the only reasonable conclusion is that it was requested in an attempt to preclude claims by Plaintiff in Plaintiff's case against Bankers, which is inappropriate." (Doc. 298, at 1). It presents two arguments: (1) Bankers' Motion requests relief which exceeds the scope of its Crossclaim against Vintro ("Bankers' Third-Party Complaint [sic] does not contain a count requesting declaratory relief nor does the Third-Party Complaint request that the Court declare the contract between Bankers and Vintro to be void."); and (2) Bankers should be precluded from attempting to extinguish claims brought by Plaintiff against Bankers through a default judgment, obtained as a sanction due to Vintro's discovery violations.

The Court finds Plaintiff's arguments unpersuasive. First, contrary to Plaintiff's contention, Bankers' Crossclaim expressly pleads the claim for declaratory relief, requesting as relief in each fraudulent inducement claim "that the Court enter an Order declaring void the alleged contract between Vintro and Bankers regarding Bankers['] agreement to procure insurance coverage for Vintro for the Property." (Doc. 94, at 30- 33). Thus, Bankers' request for default judgment including such relief is proper. Second, Plaintiff has provided no authority for the proposition that the Court must consider the impact of a discovery sanction (including default judgment) on a non-sanctioned party.

Sanctions / Default Judgment

For good cause shown (*see* Docs. 285, 308), Bankers' Motion for Sanctions is granted and judgment is hereby entered as follows:

1. Vintro's Answer to the Crossclaim of Bankers (Doc. 155) is hereby STRICKEN.
2. As to Count One (Indemnification) of Bankers' Crossclaim against Vintro, the Court finds:

    (a) Bankers is entitled to indemnification from Vintro as alleged in Count One of the Crossclaim; and (b) to the extent Plaintiff Sinmier, LLC ("Sinmier") recovers any amount

of damages from Bankers in connection with the claims in this action, Bankers is entitled to be indemnified by Vintro for those damages and the costs, expenses, and attorneys' fees incurred by Bankers in defending this action. It is further ordered that the amount of damages, attorneys' fees, costs, and expenses to be imposed upon Vintro relative to Count One shall be determined after a hearing is held pursuant to Fed. R. Civ. P. 55(b)(2), to be scheduled at a later date when this matter is substantially concluded.

3. As to Count Two (Contribution) of Bankers' Crossclaim against Vintro, the Court finds: (a) Bankers is entitled to contribution from Vintro as alleged in Count Two of the Crossclaim; and (b) to the extent Sinmier recovers any amount of damages from Bankers in connection with the claims in this action, Bankers is entitled to contribution from Vintro for those damages and the costs, expenses, and attorneys' fees incurred by Bankers in defending this action. It is further ordered that the amount of damages, attorneys' fees, costs, and expenses to be imposed upon Vintro relative to Count Two shall be determined after a hearing is held pursuant to Fed. R. Civ. P. 55(b)(2), to be scheduled at a later date when this matter is substantially concluded.

4. As to Count Three (Fraudulent Inducement) of Bankers' Crossclaim against Vintro, the Court finds: (a) Vintro committed fraud against Bankers as alleged in Count Three of the Crossclaim; and (b) as a result of Vintro's fraud, the alleged contract between Vintro and Bankers whereby Bankers agreed to procure insurance coverage for Vintro for the Property is void.

5. As to Count Four (Fraudulent Inducement) of Bankers' Crossclaim against Vintro, the Court finds: (a) Vintro committed fraud against Bankers as alleged in Count Four of the Crossclaim; and (b) as a result of Vintro's fraud, the alleged contract between Vintro and Bankers whereby Bankers agreed to procure insurance coverage for Vintro for the Property is void.

6. As to Count Five (Fraudulent Inducement) of Bankers' Crossclaim against Vintro, the Court finds: (a) Vintro committed fraud against Bankers as alleged in Count Five of the Crossclaim; and (b) as a result of Vintro's fraud, the alleged contract between Vintro and Bankers whereby Bankers agreed to procure insurance coverage for Vintro for the Property is void.

7. As to Count Six (Fraudulent Inducement) of Bankers' Crossclaim against Vintro, the Court finds: (a) Vintro committed fraud against Bankers as alleged in Count Six of the Crossclaim; and (b) as a result of Vintro's fraud, the alleged contract between Vintro and Bankers whereby Bankers agreed to procure insurance coverage for Vintro for the Property is void.

8. As to Count Seven (Fraudulent Inducement) of Bankers' Crossclaim against Vintro, the Court finds: (a) Vintro committed fraud against Bankers as alleged in Count Seven of the Crossclaim; and (b) as a result of Vintro's fraud, the alleged contract between Vintro and Bankers whereby Bankers agreed to procure insurance coverage for Vintro for the Property is void.

Request for Entry of Final Judgment

In its proposed Order, Bankers requests this Court enter final judgment on Counts III through VII of its Crossclaim. *See* Doc. 285-2. This request is denied for the same reasons the Court previously explained in relation to a similar request from Everest and EverSports.

"[U]nder Federal Rule of Civil Procedure 54(b), the district court may certify a partial grant of summary judgment for immediate appeal if the court 'expressly determines that there is no just reason for delay.'" *Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021) (citing Fed. R. Civ. P. 54(b)).[2] The Court must "articulate its reasons for certifying a final order."

---

2. Federal Civil Rule 54(b) provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

6

*Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994); *see also GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004) (holding district court "must spell out its reasons for concluding that prompt review is preferable").

The analysis requires consideration of the following non-exhaustive factors: (1) "the relationship between the adjudicated and unadjudicated claims"; (2) "the possibility that the need for review might or might not be mooted by future developments in the district court"; (3) "the possibility that the reviewing court might be obliged to consider the same issue a second time"; (4) "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final"; (5) "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Carpenter*, 850 F. App'x at 355.

Although Bankers' proposed order requests the entry of final judgment on certain claims against Grewal and Vintro, it has not provided any argument as to why it would be appropriate for this Court to do so. That request is therefore denied without prejudice at this time. Bankers may file a subsequent motion on the certification issue if it wishes to do so.

CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Bankers' Motion for Sanctions and Default Judgment on its Crossclaim against Vintro (Doc. 285) be, and the same hereby is, GRANTED; and it is

---

Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FURTHER ORDERED that Bankers' Motion for Summary Judgment on its Crossclaim against Vintro (Doc. 371), be and the same hereby is, DENIED AS MOOT.

                                                  s/ *James R. Knepp II*
                                                 UNITED STATES DISTRICT JUDGE