IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SINMIER, LLC,**                   CASE NO. 3:19 CV 2854

    Plaintiff,

    v.                                      JUDGE JAMES R. KNEPP II

**EVEREST INDEMNITY INS. CO., et al.,**

    Defendants.             **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court is Plaintiff Sinmier LLC's Motion for Reconsideration of this Court's September 26, 2023, Order. (Doc. 413). Defendant Bankers Insurance, LLC filed an opposition (Doc. 414), and Sinmier replied (Doc. 415). For the following reasons, the Court denies the motion.

### BACKGROUND

The facts relevant to the instant motion are well known to the parties and set forth in this Court's prior Memorandum Opinion and Order. (Doc. 412). As such, the Court does not repeat them here.

### STANDARD OF REVIEW

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004). Motions for reconsideration are, however, generally disfavored. *See, e.g.*, *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003). Motions for reconsideration should only be granted where the movant demonstrates "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

prevent manifest injustice." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

## DISCUSSION

Sinmier contends this Court's prior determination was based on a clear error of law and should be set aside. It argues first that the Court erred in relying on *MBank, Inc. v. State Farm Fire & Casualty Co.*, 2011 WL 6182421 (D. Or) and *Lee v. Royal Indemnity Co.*, 108 F.3d 651 (6th Cir. 1997) in finding that the extinguishment of the debt securing the mortgage negated Sinmier's claims. Second, Sinmier argues the Court erred when it disregarded the assignment language of the Settlement Agreement. Bankers responds that Sinmier merely expresses disagreement with the Court's decision and "rehashes arguments that the Court already considered and rejected", which is not a proper basis for reconsideration. (Doc. 414, at 8). For the reasons discussed below, the Court denies Sinmier's motion.

<u>Determination that Debt Secured by Mortgage Was Extinguished</u>

Sinmier first argues the Court erred in relying on *MBank* and *Lee* to find the debt secured by the mortgage had been extinguished when Sinmier accepted a deed in lieu of foreclosure. (Doc. 413, at 18-20). It contends *MBank*, unlike the present case, was based on an open mortgage clause, rather than a standard mortgage clause. It further contends that the explicit language of the policy at issue here "permits the mortgageholder to receive loss payment even if the mortgageholder has started foreclosure or similar action." *Id.* at 11.

The Court agrees with Sinmier that *MBank* is not binding authority. Nor did the Court cite it as such. Rather, the Court cited *MBank* as persuasive authority and found that the analysis therein was consistent with principles in Ohio case law, specifically that when an underlying mortgage debt is extinguished, the mortgagee's insurable interest is similarly extinguished. *See* Doc. 412, at 8-9; *Barwick v. State Farm Fire & Cas. Ins. Co.*, 2011-Ohio-5689, ¶ 35 (Ohio Ct. App.) ("[W]here a . . .

2

loss occurs and a loss payable mortgagee is thus vested with rights under an insurance policy, subsequent partial or full extinguishment of the debt giving rise to the insurable interest will reduce the loss payable mortgagee's interest in the insurance proceeds to the extent that the debt has been satisfied.") (internal quotation omitted"); *see also N. Assur. Co. v. Nat'l Guarantee & Fin. Co.*, 21 Ohio Law Abs. 641, 643 (Ohio Ct. App. 1936) ("[a] mortgagee of real or personal property has an insurable interest in the amount of a debt secured by a mortgage on the property."). The Court found this principle applied no differently when the extinguishment occurred due to a deed in lieu of foreclosure than extinguishment by another method. And here, the plain language of the Settlement Agreement made clear that the deed in lieu of foreclosure completely extinguished the mortgage debt. *See* Doc. 119-1, at 5-6 (deed in lieu of foreclosure "shall be considered *payment in full* of Vintro's monetary obligations under the Note or Mortgage" and "[u]pon receipt of the Deed in Lieu of Foreclosure, Sinmier shall *fully release* Vintro from any liability or responsibility it may have to pay any deficiency amount following the sale of Maui Sands, whether by foreclosure sale or otherwise.") (emphasis added).

Nor is the Court persuaded by Sinmier's contention that the language of the policy at issue "permits the mortgageholder to receive loss payment even if the mortgageholder has started foreclosure or similar action." (Doc. 413, at 18). These are simply not the facts here; the Settlement Agreement stated the deed in lieu of foreclosure was "payment in full" under the note and mortgage; that is, the mortgage debt itself was fully satisfied.

Next, "a motion to alter or amend the judgment is not a vehicle for a party to bring to the Court's attention cases that the party wishes it had cited, but that it did not, in connection with its original motion." *Sec'y of Labor v. Macy's, Inc.*, 2022 WL 407238, at *3 (S.D. Ohio). Here, the case upon which Plaintiff now attempts to rely (*FDIC v. Ticor Title Co.*, 2016 WL 7231455 (W.D. Wash.)) is not binding, was issued almost seven years prior to the Court's original decision, and was not cited

in Plaintiff's proposed sur-reply to Bankers' initial reply (*see* Doc. 400-1). Nor does the Court find it changes anything about the Court's original analysis.

Finally, Sinmier argues, "even if applying *Lee* to our case, the rights would revert back to the policyholder, Vintro[], which has assigned all rights to Sinmier . . . Thus, Sinmier is entitled to claim on the policies." (Doc. 413, at 20). But as noted below, the Court addressed this as well in its prior decision when finding that Sinmier's claims in the instant case "are not claims brought in its capacity as agent of Vintro. Rather, Sinmier seeks to vindicate rights it asserts it independently had as mortgagee[.]" (Doc. 412, at 11). This is not a basis for reconsideration.

The Court finds Sinmier has not demonstrated a "clear error of law" in the Court's opinion regarding the extinguishment of its interest as mortgagee.

Assignment Language

Next, Sinmier argues the Court incorrectly disregarded the assignment language in the Settlement Agreement. *See* Doc. 413, at 21 ("The Court's finding that the deed in lieu of foreclosure bars any claim is fully repudiated by the deed in lieu itself, which preserves the rights of Sinmier."). This, however, is an argument previously considered and rejected. The Court expressly considered the assignment language to which Sinmier refers, and found that it did not demonstrate that Sinmier retained any rights under any insurance policy *as a mortgagee* to those proceeds. *See* Doc. 412, at 10-11. Sinmier has presented nothing to the contrary.

At base, Sinmier disagrees with this Court's prior determination. The Court of Appeals is the appropriate place to raise such arguments.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Sinmier, LLC's Motion for Reconsideration (Doc. 413) be, and the same hereby is, DENIED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2024