IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SINMIER, LLC,**                                     CASE NO. 3:19 CV 2854

       Plaintiff,

       v.                                              JUDGE JAMES R. KNEPP II

**EVEREST INDEMNITY INS. CO., et al.,**

       Defendants.                       **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court is Plaintiff Sinmier, LLC's Motion for Entry of Final Judgment Under Rule 54(b). (Doc. 422). Plaintiff asks this Court to certify its September 26, 2023, Memorandum Opinion and Order (Doc. 412) as a final judgment for immediate appeal. The remaining Defendants do not oppose the Motion. *See* Doc. 423, at 2. For the reasons set forth below, the Court grants the motion and certifies its prior orders granting summary judgment to Everest and EverSports (Doc. 410) and Bankers (Doc. 412) as final judgments under Rule 54(b).[1]

### BACKGROUND

Claims

Plaintiff's Second Amended Complaint in this matter brought claims against Defendants Everest Indemnity Insurance Company ("Everest"), Bankers Insurance, LLC ("Bankers"),

---

1. Although Plaintiff expressly only requests the Court certify its September 26, 2023, Order as a final judgment for immediate appeal, the content of its Motion (and related briefing before the Sixth Circuit) makes clear Plaintiff seeks to immediately appeal the determinations in both the September 26, 2023, opinion granting Everest and EverSports summary judgment (Doc. 410), and the March 30, 2023, opinion granting Bankers summary judgment (Doc. 412).

Specialty Insurance Group (now EverSports & Entertainment Insurance) ("Eversports")), Alternative Risk Company ("ARC"), and Berkley National Insurance Company ("Berkley"). (Doc. 76). Vintro Hotel & Resorts, Ohio, LLC was also named as a Defendant. *See id.*

In their Answer, Everest and EverSports asserted cross-claims for indemnification and contribution against, *inter alia*, Bankers and ARC. (Doc. 82, at 22-32). Specifically as to Bankers and ARC, Everest and EverSports asserted:

> 65. Sinmier alleges in its Second Amended Complaint filed in this action that Everest and [EverSports] are liable for certain acts, conduct, or omissions of Bankers and [ARC].
>
> 66. To the extent that Sinmier is entitled to damages for the claims set forth in the Second Amended Complaint, such damages were caused by the acts, conduct and/or omissions of Bankers and/or [ARC].
>
> 67. Should Everest or [EverSports] be found liable to Sinmier for any claim alleged in the Second Amended Complaint . . . such liability is due to the actions[,] conduct and/or omissions of Bankers and/or [ARC], not Everest or [EverSports].
>
> 68. Accordingly, Everest and [EverSports] are entitled to and seek indemnification and/or contribution from Bankers and [ARC] for the full extent of the liability of [EverSports] and Everest, including the costs, expenses, and attorneys' fees incurred in defending the present action.

*Id.* at 31-32. And as to ARC, Everest/EverSports asserted:

> 70. [ARC] entered into a Producer Agreement (the "Agreement") with [EverSports] which is not attached because it is confidential and proprietary. Everest has provided a copy of the Agreement to the parties pursuant to the Protective Order in place in this action.
>
> 71. The Agreement includes a provision requiring that [ARC] defend, indemnify and hold [EverSports] harmless from any and all claims[,] suits, actions, liabilities, losses, expenses or damages, including attorneys' fees and costs, which arise solely and exclusively from any misrepresentation, act or omission of Alternative.
>
> 72. Everest is a third-party beneficiary of such Agreement, including the provision requiring Alternative to defend, indemnify and hold [EverSports] harmless.

2

> 73. To the extent that Everest or [EverSports] is held liable for the acts and/or omissions of [ARC], Everest and/or [EverSports] is entitled to a defense, indemnification from and to be held harmless by [ARC], including payment of attorneys' fees and costs.

*Id.* at 32.[2]

Bankers subsequently asserted counterclaims against Everest and EverSports. (Doc. 95, at 12-13). Specifically, Bankers asserted a counterclaim for indemnification:

> 108. To the extent that plaintiff is entitled to damages for the claims set forth in the Amended Complaint, such damages were caused by the acts, conduct, and/or omissions of Everest and [EverSports], not Bankers.
>
> 109. Should Bankers be found liable to plaintiff for any claim alleged in the Second Amended Complaint, which liability Bankers expressly denies, such liability is due to the actions, conduct, and/or omissions of Everest and [EverSports], not Bankers, and the liability of Bankers, if any, would be secondary and passive to the primary and active conduct of Everest and [EverSports]. Accordingly, Bankers is entitled to and seeks indemnification from Everest and [EverSports] for the full extent of its liability, including the costs, expenses, and attorneys' fees incurred in defending the present action.

*Id.* at 12-13. And Bankers asserted a related contribution counterclaim:

> 111. Should Bankers be found liable to plaintiff for any claim alleged in the Second Amended Complaint, which liability Bankers expressly denies, such liability is due to the actions, conduct, and/or omissions of Everest and [EverSports], not Bankers, and the liability of Bankers, if any, would be secondary and passive to the primary and active conduct of Everest and [EverSports]. Accordingly, Bankers is entitled to contribution from Everest and [EverSports].

*Id.* at 13.

Prior Orders

In a series of opinions, the Court granted summary judgment to Berkley (Doc. 411), Everest, EverSports, and ARC (Doc. 410), and Bankers (Doc. 412) on all of Plaintiff's claims

---

2. Plaintiff did not appeal this Court's grant of summary judgment in favor of ARC on Plaintiff's claims.

against each.³ The Court also denied reconsideration of the order granting summary judgment to Bankers. (Doc. 418).

Sixth Circuit Proceedings

Plaintiff appealed. *Sinmier LLC v. Everest Indemnity Ins. Co.*, No. 24-3775 (6th Cir.). Following briefing, the Sixth Circuit Court of Appeals issued a Show Cause Order for Possible Jurisdictional Defect. In its Show Cause Order, the Sixth Circuit noted it was "not clear whether the remaining indemnification and contribution claims are moot in light of the district court's grant of summary judgment for the defendants." The parties then submitted requested supplemental briefing on the jurisdictional issue. Therein, the parties agreed that cross-claims and counterclaims for indemnification and contribution remained pending before this Court. *See* Docs. 422-4, 422-5, 422-6. The parties also agreed those claims were not ripe for adjudication because they were dependent upon a finding of liability to Plaintiff. *See* Docs. 422-4, 422-5, 422-6. Upon consideration of the parties' briefing, the Sixth Circuit dismissed the appeal for lack of jurisdiction. *See* Doc. 422-7 (Sixth Circuit Order dated July 9, 2025). It found that Everest and EverSports's cross-claims for indemnification and contribution against Bankers and ARC as well as Bankers' counterclaims for indemnification and contribution against Everest and EverSports remained pending. *Id.*

Further Proceedings Before This Court

Upon the Sixth Circuit's dismissal, this Court ordered the parties to submit a Joint Status Report proposing next steps for resolving the remaining claims. Plaintiff then filed the currently-pending Motion for Entry of Final Judgment Under Rule 54(b) (Doc. 422). The Motion requests

---

3. Plaintiff and Berkley subsequently settled their claims. *See* Doc. 422, at 10; *see also Sinmier LLC v. Everest Indemnity Ins. Co.*, No. 24-3775 (6th Cir. Jul. 9, 2025) ("Neither ARC nor Vintro is a party to the appeal; the parties stipulated to the dismissal of Berkely.").

4

this Court amend the September 26, 2023, order (Doc. 412) granting Bankers summary judgment to certify there is no just reason for delay. *Id.* at 16. Plaintiff and the remaining Defendants filed a Joint Status report indicating no party objected to the Motion and that, should this Court grant the motion, Plaintiff "will refile its Claim of Appeal against Bankers and Everest/EverSports." (Doc. 423, at 2).

## DISCUSSION

Federal Civil Rule 54(b) provides:

> (b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Proper certification under Rule 54(b) is a two-step process." *EJS Props., LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012). "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." *Id.* (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)).

The Sixth Circuit has set forth a "nonexhaustive list of factors" for a court to consider when deciding whether to certify a claim or claims under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the

5

judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (quoting *Allis-Chalmers v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). "The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice." *Id.* at 1282 (quoting *Panichella v. Penn. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958)).

Starting with the first step of the Rule 54(b) analysis, the Court finds there has been a final judgment as to one or more but fewer than all claims in this case. Specifically, in its March 30, 2023, Memorandum Opinion and Order, the Court granted summary judgment to Everest, EverSports, and ARC on all of Plaintiff's claims against those parties. (Doc. 410). And, on September 26, 2023, the Court granted summary judgment to Bankers on all of Plaintiff's claims against it. (Doc. 412). Combined with this Court's ruling in favor of Berkley on its summary judgment motion, all claims brought by Plaintiff Sinmier against Defendants have been adjudicated in those Defendants' favor. Remaining unadjudicated, the parties agree, are only the cross-claims and counterclaims for indemnification and contribution between Everest, EverSports, Bankers, and ARC.[4]

Turning to the second step of the Rule 54(b) analysis, which asks whether there is "no just reason for delay," the Court finds a balanced consideration of the above-cited factors weighs in favor of certifying these prior determinations for immediate appeal. First, although the unadjudicated claims are most certainly related to the adjudicated ones (in that they are

---

4. Everest, EverSports, and Bankers also brought claims against Vintro, but these were resolved via default judgment. (Doc. 257, 384). And again, Plaintiff did not appeal the Court's grant of summary judgment to ARC.

dependent upon them), they are legally distinct. The adjudicated claims involve Plaintiff's claims against each Defendant and are dependent upon questions of Ohio negligence, contract, and insurance law including the rights of a mortgagee. The unadjudicated claims involve only questions of indemnification and contribution between the Defendants. Second, because the only remaining claims are dependent upon a finding of a Defendant's liability to Plaintiff, no further proceedings before this Court would moot the adjudicated liability claims sought to be appealed. Third, certification would not result in the circuit court considering the same issues twice. The issues addressed by this Court's prior orders involve the summary judgment standard and Everest, EverSports, and Bankers' liability to Plaintiff. Should the Court reverse and find issues of fact were presented, the matter would be set for trial on the remaining disputes; and indemnification/contribution claims between Defendants would be revived and need to be resolved. Fourth, this Court's prior orders did not award monetary relief against which any set-off could result. Fifth and finally, certification at this juncture would serve judicial economy and ensure the parties' interests are protected going forward. Should the Sixth Circuit affirm this Court's prior determinations and agree no Defendant is liable to Plaintiff, there will be nothing remaining for this Court to decide. But should the court reverse some or all of those determinations regarding liability, it will be necessary to reach the indemnification and contribution claims. Given the complexities of the liability issues and Plaintiff's clear desire to challenge this Court's findings on those issues as against Bankers, Everest, and EverSports, the Court finds it appropriate to certify those liability decisions for immediate appeal.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Entry of Final Judgment Under Rule 54(b) be, and the same hereby is, GRANTED, and it is

FURTHER ORDERED that, there being no just reason for delay, final judgment is entered in favor of Defendants Everest Indemnity Insurance Company and EverSports & Entertainment Insurance, Inc. and Bankers Insurance, LLC on all of Plaintiff Sinmier LLC's claims asserted against them in this action. *See* Docs. 410, 412.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2025